SLATER HERSEY & LIEBERMAN LLP
  A Limited Liability Partnership
MARK K. SLATER, Cal. Bar No. 129742
  mslater@slaterhersey.com
JONATHAN P. HERSEY, Cal. Bar No. 189240
  jhersey@slaterhersey.com
ELISE K. SARA, Cal. Bar No. 253813
  esara@slaterhersey.com
18301 Von Karman Ave., Suite 1060
Irvine, California 92612
Telephone: 949-398-7500
Facsimile: 949-398-7501

Attorneys for Plaintiff
INGRAM MICRO INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| INGRAM MICRO INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIGNEO INTERNATIONAL, LTD.; a Hong Kong private limited company; and SIGNEO USA, LLC, a Florida limited liability company *dba* SOUL ELECTRONICS,<br><br>Defendants. | Case No. SACV 13-1934-DOC(ANx)<br><br>Honorable David O. Carter<br>Courtroom 9-D<br><br>**DECLARATION OF MARK K. SLATER IN SUPPORT OF PLAINTIFF INGRAM MICRO INC.'S NOTICE OF MOTION AND MOTION TO ENJOIN DEFENDANTS FROM PARTICIPATING IN ARBITRATION PROCEEDINGS OR, IN THE ALTERNATIVE, TO ENJOIN OR STAY OF ARBITRATION PROCEEDINGS**<br><br>Date: July 28, 2014<br>Time: 8:30 a.m.<br>Courtroom: 9-D |

SLATER DECL. ISO MOTION TO ENJOIN ARBITRATION

# DECLARATION OF MARK K. SLATER

I, Mark K. Slater, declare as follows:

1.     I am over the age of 18 and if called upon as a witness, I could and would testify competently to the facts set forth below based on my own personal knowledge.

2.     I am a partner with the law firm of Slater Hersey & Lieberman LLP, attorneys of record for Plaintiff Ingram Micro Inc. ("Ingram Micro").

3.     David Darnell, counsel for Soul Electronics International Ltd., formerly known as Signeo International Ltd., and Soul Electronics USA LLC, formerly known as Signeo USA, LLC (collectively "Signeo"), in the United States District Court for the Central District of California, contacted Ingram Micro, and on or around January 24, 2014, asked my colleague, Elise Sara, whether Ingram Micro would be willing to consider arbitrating the disputes at issue in the California litigation.

4.     I subsequently responded to Mr. Darnell that Ingram Micro would be willing to consider the idea of arbitration if Signeo assisted Ingram Micro in resolving some business matters that had arisen regarding defective Signeo product, and I requested Signeo send over a proposed stipulation setting forth its proposal for arbitration for Ingram Micro to consider.

5.     On or around February 5, 2014, having heard nothing further from Signeo's counsel, I sent an email to Mr. Darnell inquiring whether Signeo was still interested in pursuing the idea of arbitration.

6.     Mr. Darnell replied to me by email the next day that he needed to follow up with his client to see where Signeo stood on the idea of arbitration.  A true and correct copy of this February 2014 email chain is attached hereto as Exhibit A.

7.     The parties never agreed to arbitrate disputes in the California

SLATER DECL. ISO MOTION TO ENJOIN ARBITRATION

litigation, and no stipulation setting forth Signeo's arbitration proposal was ever provided to Ingram Micro.

8.     Instead, approximately a week and half later, Mr. Darnell informed me that he and his firm were moving to withdraw as counsel for Signeo in the California litigation.

9.      On February 24, 2014, counsel for Signeo then participated in a Rule 26(f) conference with me.

10.     After this Court issued its order denying Signeo's Motion to Dismiss for lack of general jurisdiction on March 10, 2014, Ingram Micro served written jurisdictional discovery on Signeo and notices of deposition.  True and correct copies of this discovery is attached hereto as Exhibit B.

11.     Signeo failed to respond to the written discovery and failed to appear subsequently in the litigation.

12.     On March 31, 2014, I received service of a letter from Lan Kennedy-Davis to this Court by email.  This letter also enclosed the Signeo defendants' Federal Rule of Civil Procedure 26(f) Report.  True and correct copies of this March 31st email, letter, and the enclosed Rule 26(f) Report are attached hereto as Exhibit C.

13.     On or around April 14, 2014, I received service for Ingram Micro of a Demand for Arbitration before the American Arbitration Association ("AAA") by the Signeo Defendants.  A true and correct copy of this Demand for Arbitration and its attachments is attached hereto as Exhibit D.

14.     After Signeo failed to response to Ingram Micro's jurisdictional discovery, on April 25, 2014, Ingram Micro obtained entry of default against both Signeo defendants in the California litigation.

15.     On May 5, 2014, pursuant to a schedule set by AAA, Ingram Micro submitted a response to the Demand, informing AAA of this action and the lack of

SLATER DECL. ISO MOTION TO ENJOIN ARBITRATION

AAA's jurisdiction.  A true and correct copy of this response is attached hereto as Exhibit E.

16.    Signeo submitted a response to Ingram Micro's May 5th submission on May 15, 2014.  A true and correct copy of Signeo's May 15th submission is attached hereto as Exhibit F.

17.    On May 16, 2014, Ingram Micro replied to Signeo's May 15th submission.  A true and correct copy of Ingram Micro's May 16th submission is attached hereto as Exhibit G.

18.    On June 2, 2014, the AAA sent its response to the parties.  A true and correct copy of this June 2nd AAA letter is attached hereto as Exhibit H.

19.    Ingram Micro has incurred substantial expense litigating motions in this Court; fulfilling the Rule 26 requirements, including initial disclosures; securing entry of default; and preparing for a request for default judgment.  Ingram Micro has also incurred the expense of party and third party jurisdictional discovery resulting from Signeo's claim that the litigation should be dismissed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of June 2014 at San Francisco, California.

*/s/ Mark K. Slater*

MARK K. SLATER

-3-

SLATER DECL. ISO MOTION TO ENJOIN ARBITRATION